# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA FRIENDS OF THE SEALS, a nonprofit organization; and JAMES H.N. HUDNALL, JR., an individual,<br><br>Plaintiffs,<br>vs.<br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION NATIONAL MARINE FISHERIES SERVICE ("NMFS"), an agency of the U.S. Dept. of Commerce; CARLOS M. GUTIERREZ, Secretary of Commerce; JAMES W. BALSIGER, Acting Director of NMFS; RODNEY MCINNIS, Acting Regional Administrator of NMFS; JAMES LECKY, Director of Office of Protected Resources at NMFS; City of San Diego; and Does 1 to 100,<br><br>Defendants. | CASE NO. 08cv1847 WQH (POR)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the exercise of jurisdiction to proceed on the merits of Plaintiffs' state law claim against the Defendant City of San Diego.

### PROCEDURAL BACKGROUND

On October 9, 2008, Plaintiffs filed a Complaint against the Defendant City of San Diego, and Defendants National Oceanic and Atmospheric Administration National Fisheries Service (NOAA) and other federal officials ("Federal Defendants"). The Complaint asserted jurisdiction over this action pursuant to 28 U.S.C. § 1331 and alleged the following two claims

- 1 -                                                                                                                  08cv1847 WQH (POR)

for relief: 1) writ of mandate against Defendant City of San Diego requiring resolution of a substantial question of federal law; and 2) judicial review of agency action under 5 USC § 702 against the Federal Defendants to prevent NOAA from ceding its authority to the City to interpret and apply the Marine Mammal Protection Act ("MMPA").

On October 10, 2008, Plaintiffs filed an application for a temporary restraining order and a preliminary injunction. (Doc. # 3 at 2).

On October 22, 2008, this Court held a hearing with all parties present in order to set a briefing schedule and hearing date on Plaintiffs' application for temporary restraining order and preliminary injunction. The Court set a hearing date on Plaintiffs' pending motion for a preliminary injunction. Plaintiffs requested that the Court immediately enter a temporary restraining order to enjoin the Defendant City of San Diego from dispersing the harbor seals at the Children's Pool beach. Defendant City of San Diego represented to this Court at this hearing that Plaintiffs were likely to succeed on the merits of their claim that a permit under the MMPA is required before the seals can be dispersed, and that the City of San Diego was likely to be required by the state court to immediately remove the seals constituting irreparable injury. Counsel for the Defendant City of San Diego stated at the hearing that "Plaintiff is likely to succeed in Plaintiff's argument that the City would need a permit ... it is the City's position that there is no opposition to the request for a temporary restraining order." (Transcript page 16). Counsel for the Defendant City of San Diego stated at the hearing "we don't see how there is any irreparable harm to any of the parties if there is a temporary restraining order preserving the status quo because it's just a matter of giving the court an opportunity to look into the merits; whereas, if the seals were immediately removed, there would be irreparable harm. And we know that based on the declaration from the biologist from NOAA about how these seals at this particular juncture, the pregnant ones would likely have miscarriages." (Transcript at page 7-8). Defendant City of San Diego stated that the "part of the request that deals with the rope area . . . is premature." (Transcript page 12).

In an order filed on October 22, 2008, the Court found that "serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party."

(Doc. #11 at 2). This Court entered an order "to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." *Id.* The Court ordered "that Defendant City of San Diego, its agents, servants, employees, and representatives, and all persons acting in concert or participating with them, are hereby enjoined and restrained through the hearing date of November 25, 2008 from engaging in, committing, or performing, directly or indirectly, any and all of the following acts: harassing or dispersing the colony of harbor seals at Children's Pool Beach in La Jolla, California." *Id.*

On November 4, 2008, the Defendant City of San Diego filed a "Statement of Non-Opposition to Plaintiffs' Motion for a Preliminary Injunction." (Doc. # 18). Defendant City of San Diego stated: "Based upon the [Marine Mammal Protection Act's] text and legislative history, the Plaintiffs are likely to succeed on the merits." (Doc. # 18 at 4). Defendant City of San Diego further stated that there "is sufficient evidence of a threat of irreparable injury sufficient to authorize a preliminary injunction to preserve the status quo." (Doc. # 18 at 5).

On November 13, 2008, all parties filed a "Joint motion to continue the hearing date of November 25, 2008 on the Plaintiffs' motion for temporary restraining order/preliminary injunction." (Doc. # 25). The parties stated that "the purpose of the continuance is to allow the parties to explore the possibility of settlement of this matter . . . Plaintiffs and the City are in agreement that this Court's temporary restraining order of October 22, 2008 should remain in effect." (Doc. # 25 at 2). Based upon the joint request of all parties, Plaintiffs' motion for preliminary injunction and the Federal Defendants' motion to dismiss were reset to February 13, 2009.

On December 2, 2008, Plaintiffs filed an application for a temporary restraining order to require the Defendant City of San Diego to enforce its existing resolutions and install a pupping season guideline rope at the Children's Pool Beach by December 15 to prevent nursing seal pups from being separated from their mothers and to protect the public from being bitten by a seal protecting her young. (Doc. # 27). Defendant City of San Diego represented to the Court that Plaintiffs were likely to prevail on the merits of the claim against the City and agreed that a temporary restraining order was necessary in order to avoid irreparable injury.

On December 18, 2008, this Court granted Plaintiffs' unopposed motion for a temporary restraining order. (Doc. # 34). In order to avoid serious and irreparable injury, including physical harm to the public and marine mammals, this Court granted a temporary restraining order "requiring the Defendant City of San Diego to follow its two resolutions of its City Council by placing a guideline pupping season rope at the Children's Pool beach in order to maintain the status quo until the issues presented in this case can be fully addressed in the Plaintiffs' motion for preliminary injunction." (Doc. # 34 at 15). The Court specifically found jurisdiction "at this stage in the proceedings" for this limited relief reserving the issue of jurisdiction to resolve the merits of the cause of action. *Id*.

On April 28, 2009, this Court granted the motion to dismiss filed by Federal Defendants. (Doc. # 53 ). The Court found no grounds for the exercise of federal jurisdiction over the second claim for relief against the Federal Defendants. The Court examined relevant provisions of the MMPA and found that the "[n]o provision of the MMPA sets substantive priorities or otherwise circumscribes the power of the Secretary to determine how and when to enforce the [MMPA]." (*Id.* at 8). The Court concluded that under the facts alleged in the Complaint, no provision of the MMPA or the Administrative Procedures Act authorized an action by Plaintiffs against the Federal Defendants "requiring a MMPA permit to be issued prior to NMFS allowing the disturbance of seals at the Children's Pool Beach." (*Id.* at 3). The Court concluded that it had no jurisdiction to proceed against the Federal Defendants and dismissed the second claim for relief. The Court further ordered Plaintiffs and Defendant City of San Diego "to file briefs addressing the jurisdiction of this Court to proceed on the merits of the first claim for relief." (*Id*. at 14).

## APPLICABLE STANDARD

"A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In determining the presence or absence of

federal jurisdiction, the court applies the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *State of California v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2003) (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)).  When assessing  subject matter jurisdiction, the court assumes the truth of all allegations in the complaint.  *See Castaneda v. United States*, 546 F.3d 682, 684 n.1 (9th Cir. 2008).  Subject matter jurisdiction must exist at the time the action is commenced and must be disclosed in the complaint.  *Morongo Band of Mission Indians v. California State Board of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988).  "If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'" *Id*. (quoting 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3844, at 332 (1986)).

## CONTENTIONS OF THE PARTIES

Plaintiffs assert that this Court determined "in its December 18, 2008 order, it has jurisdiction to hear Plaintiffs' claim for a writ of mandate under Cal. Code Civ. Proc. § 1085(a)." (Doc. # 62 at 2).  Plaintiffs assert that it is "official City policy to protect the seals" and that the state court order that the City must violate its own resolutions by directly and intentionally chasing away the seals from the Children's Pool is preempted by the MMPA because it relates to the taking of marine mammals.  (*Id.*).  Plaintiffs contend that the state law claim for mandamus and injunctive relief against the City of San Diego raises a substantial question of federal law, namely whether a state court order not to follow those resolutions is preempted by the MMPA.  Plaintiffs assert that "the preemption of Judge Hoffman's order by the MMPA is a substantial question of federal law."  (Doc. # 62 at 4).

Defendant City of San Diego agrees with Plaintiffs that this Court has federal jurisdiction to resolve Plaintiff's state law claim.  Defendant City of San Diego contends that the "federal interest in marine mammal conservation presented in this case remains sufficiently substantial to support the exercise of federal court jurisdiction." (Doc. # 71 at 9).

## ANALYSIS

Section 1331 provides: "The district courts shall have original jurisdiction of all civil

1 actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The Court has consistently interpreted jurisdictional statutes with an 'arising under' qualification, like 28 U.S.C. § 1331 [ ] as 'giv[ing] the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Williston Basin Interstate Pipeline Company v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841 (1983)). A state law claim invokes 28 U.S.C. § 1331 jurisdiction only when a federal court determines that the "claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314, 125 S.Ct. 2363 (2005).

Defendant City of San Diego has consistently taken the position, unusual for a defendant in a federal action, that Plaintiffs are likely to prevail on the merits of the case and this Court should enter affirmative preliminary relief requested by the Plaintiffs. The Court was obligated to consider the serious claims of irreparable injury made by all parties to the litigation, and entered orders in this case to preserve the status quo in order to examine Plaintiffs' allegations in support of the exercise of federal jurisdiction. The Court is now obligated to examine the asserted basis for federal jurisdiction over Plaintiffs' state law claim. *See United Investors Life Insurance Company v. Waddell & Reed, Inc.* 360 F.3d 960, 967 (9th Cir. 2004). Subject matter jurisdiction cannot be established by consent of the parties and a lack of subject matter jurisdiction is a non-waivable defect. *Gibson v. Chrysler Corporation*, 261 F.3d 927, 948 (9th Cir. 2001).

Plaintiffs seek a federal forum over a state law claim for writ of mandamus against the Defendant City of San Diego on the basis that there is a substantial question of federal law

1  pursuant to 28 U.S.C. 1331 as set forth in *Grable*. Plaintiffs' state law claim alleges the

2  following facts relevant to the exercise of federal jurisdiction:

> On March 21, 2006, NMFS Special Agent in Charge Don Masters wrote a letter to San Diego Mayor Jerry Sanders in which he noted that Children's Pool Beach ("CPB") "receives an estimated 80,000 visitors per month which increases the potential for seal/human interaction." Agent Masters noted that other beaches where seals rest and give birth are temporarily closed in the winter during seal pupping season, and urged the City to at least put up a guideline rope barrier at CPB, writing:
>> The rope barrier will provide a clear message for those that have a sincere desire to respect the marine mammals present on the beach, and therefore will provide some level of heightened protection for adult and newborn seals. The rope barrier will also aid in informing humans when they are more likely to be found in violation of the MMPA and potentially cited. This option has been supported by Susan Davis, Member of the U.S. Congress (House of Representatives). . . .
>
> On April 19, 2006, the San Diego City Council enacted Resolution R-301368 requiring that the rope barrier at the Children's Pool beach will be reinstated for the remainder of this year's pupping season and will be placed at the beach from January 1 through May 1 every year from this point forward. . . .
>
> On January 8, 2007 the San Diego City Council enacted Resolution 302160 calling for the placement of the rope to be extended two weeks on either end. . . .
>
> On November 30, 2007, Agent Masters wrote a letter to Deputy City Attorney Nina Fain, again stating that CPB should be closed for pupping season, but noting that the rope barrier is appreciated and 'has been a needed step in the right direction;'. . .
>
> On January 4, 2008, a state court judge declared that a 1931 state law suddenly prevents such a rope. On that basis, the City failed to follow two resolutions passed by its City Council requiring the rope. . . .
>
> Plaintiffs clearly have a state law claim to a writ of mandate under Cal. Code Civ. Proc. § 1085(a) compelling Defendant City to follow its own City Council's ordinance and erect a rope. A federal court also has jurisdiction to hear the claim because there is a substantial question of federal law that must be resolved, namely whether the federal MMPA preempts enforcement of a state law disallowing such a rope.

(Doc. #1 at 5-6). The Complaint seeks a judgment from this Court requiring the Defendant City of San Diego to carry out the City Council ordinance and erect a pupping season rope.

In order for a state law claim to provide a basis for federal jurisdiction, the state law claim must "turn on substantial questions of federal law," and "really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal law]." 545 U.S. at 312-313. In *Grable*, the Supreme Court determined it had federal

1 jurisdiction over a state claim where "the meaning of the federal statute" was an essential
2 element of a state quiet title action, "and the meaning of the federal statute [wa]s actually in
3 dispute." *Id.* at 315.  In this case, a review of the facts alleged in the Complaint shows that
4 Plaintiffs' state law claim does not require the Court to resolve a substantial issue of federal
5 law, and that there is no disputed issue of federal law between Plaintiffs and Defendant City
6 of San Diego.  The allegation in the Complaint that federal officials informed the Defendant
7 City of San Diego that they view "the rope as a needed step in the right direction" in order to
8 "inform[] humans when they are more likely to be found in violation of the MMPA and
9 potentially cited" (Doc. # 1 at 5) does not support any inference that "the federal MMPA
10 preempts enforcement of a state law disallowing such a rope." (Doc. # 1 at 6).   The Court
11 concludes resolution of the state law claim does not require the determination of a "real[] and
12 substantial[] dispute or controversy respecting the validity, construction or effect" of the
13 MMPA.  *Grable,* 545 U.S. at 312-313.

14 The Court further concludes that allowing Plaintiffs' state law claim to go forward in
15 federal court would undermine "Congress's intended division of labor between state and
16 federal courts." *Grable*, 545 U.S. at 319.  "Although the absence of a private federal right of
17 action is no longer dispositive after *Grable*, it remains relevant to [the] assessment of the
18 'sensitive judgments about congressional intent' that § 1331 requires." *Shanks v. Dressel*, 540
19 F.3d 1082, 1093 (9th Cir. 2008) quoting *Grable*, 545 U.S. at 318.  In *Shanks*, the Court of
20 Appeals explained that "[t]he absence of a private right of action [] is a 'missing welcome mat,
21 required in the circumstances,' because acceptance of [plaintiff's] argument would result in
22 federal jurisdiction whenever a plaintiff sues on a state law claim that refers to a concept
23 defined by federal law." 540 F.3d at 1093-1094 quoting *Grable*, 545 U.S. at 318; *see also,*
24 *Potter v. Hughes*, 546 F.3d 1051, 1064 (9th Cir. 2008) ("The absence of a federal private right
25 of action undercuts the existence of subject matter jurisdiction under § 1331.").

26 In this case, Congress provided a specific and limited private right of action under the
27 MMPA which all parties agree has no application to any facts alleged in the Complaint.
28 Section 104(d)(6) of the Marine Mammal Protection Act provides that "[a]ny applicant for a

1  permit, or any party opposed to such permit, may obtain judicial review of the terms and
2  conditions of any permit issued by the Secretary under this section or of his refusal to issue
3  such a permit." 16 U.S.C. § 1374(d)(6). This case does not involve the grant or denial of an
4  application and the MMPA does not otherwise provide a private right of action. *See*
5  *Didrickson v. United States Department of Interior*, 982 F.2d 1332, 1338 (9th Cir. 1992); *see*
6  *also, Cetacean Community v. Bush*, 386 F.3d 1169, 1178 (9th Cir. 2004) ("[T]he MMPA
7  contains no explicit provision granting standing to enforce its duties."). Agency action under
8  the MMPA is committed to the discretion of the Secretary of Commerce and the Complaint
9  fails to allege any enforceable agency action. *See* (Doc. # 53 at 7).

10  The Complaint alleges that a federal official "urged the City to at least put up a
11  guideline rope at CPB;" and that the City Council enacted resolutions requiring a rope barrier.
12  The Complaint alleges "a state court judge declared that a 1931 state law suddenly prevents
13  such a rope. On that basis, the City failed to follow two resolutions passed by its City Council
14  requiring the rope." (Doc #1 at 5). City Council resolutions reflect the policies of the City of
15  San Diego. The state court judgment reflects state law concerns. There are no facts alleged
16  in the Complaint which would support the exercise of federal jurisdiction to intervene in the
17  conflict alleged between the parties in this action and the state court over state and local
18  interests. The facts alleged in support of the state law claim do not limit the ability of the
19  federal officials to enforce the MMPA or the ability of the City officials to comply with the
20  provisions of the MMPA.

21  This Court concludes that the facts alleged in the state law claim do not support the
22  exercise of federal subject matter jurisdiction. The repeated consent of the Defendant City of
23  San Diego cannot create federal subject matter jurisdiction in this case. *See Insurance Corp.*
24  *of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2009
25  (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court.
26  Thus, consent of the parties is irrelevant."). The Court concludes that federal jurisdiction is
27  lacking and this Court is required to dismiss. Fed. R. Civ. P. 12(h)(3); *see Morongo Band of*
28  *Mission Indians v. California State Board of Equalization,* 858 F.2d 1376, 1380 (9th Cir.

1988).

IT IS HEREBY ORDERED that the orders filed on October 22, 2008 and December 18, 2008 are vacated; all pending motions are denied as moot; and this action is DISMISSED.

DATED: June 29, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge