UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA FRIENDS OF THE SEALS, a nonprofit organization; and JAMES H.N. HUDNALL, JR., an individual,<br><br>　　　　　　　　　　　Plaintiffs,<br>　vs.<br>CITY OF SAN DIEGO,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 08cv1847 WQH (POR)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Attorney's Fees and Costs filed by Plaintiffs La Jolla Friends of the Seals and James H. N. Hudnall, Jr. (ECF No. 90).

**I.    Background**

On October 9, 2008, Plaintiffs filed a Complaint against the Defendant City of San Diego, and Defendants National Oceanic and Atmospheric Administration National Fisheries Service (NOAA) and other federal officials ("Federal Defendants"). The Complaint asserted that this Court had jurisdiction over this action pursuant to 28 U.S.C. § 1331, federal question, and alleged the following two claims for relief: (1) a writ of mandate against Defendant City of San Diego requiring resolution of a substantial question of federal law; and (2) judicial review of agency action under 5 USC § 702 against the Federal Defendants to prevent NOAA from ceding its authority to the City to interpret and apply the Marine Mammal Protection Act ("MMPA").

On October 10, 2008, Plaintiffs filed an application for a temporary restraining order and a preliminary injunction. (ECF No. 3).

On October 22, 2008, this Court held a hearing and Counsel for the Defendant City of San Diego agreed to the injunction stating: "we don't see how there is any irreparable harm to any of the parties if there is a temporary restraining order preserving the status quo because it's just a matter of giving the court an opportunity to look into the merits; whereas, if the seals were immediately removed, there would be irreparable harm." (Transcript at page 7-8).

On October 22, 2008, the Court entered an Order "to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." (ECF No. 11 at 2). The Court did not comment on its jurisdiction over the case.

On November 4, 2008, the Defendant City of San Diego filed a "Statement of Non-Opposition to Plaintiffs' Motion for a Preliminary Injunction" regarding Plaintiffs' October 10, 2008 motion. (ECF No. 18). Defendant City of San Diego again agreed to the injunction stating that there "is sufficient evidence of a threat of irreparable injury sufficient to authorize a preliminary injunction to preserve the status quo." *Id.* at 5.

On December 2, 2008, Plaintiffs filed an application for a temporary restraining order to require the Defendant City of San Diego to enforce its existing resolutions to install a pupping season guideline rope at the Children's Pool Beach. (ECF No. 27). On December 8, 2002, filed a response identifying certain "historical facts" including a prior adverse ruling in a state court action which prohibited the City from installing a rope barrier on the beach, the City's unsuccessful attempts to appeal the ruling, the City Council's passage of two resolutions authorizing the installation of a rope barrier on the beach, the City's attempt to receive clarification from the state court that it could install the rope barrier as approved by the City Council's resolutions, and the state court's denial of the City's request for clarification. (ECF No. 30). The City of San Diego did not state that it opposed Plaintiffs' application for temporary restraining order.

On December 18, 2008, this Court granted Plaintiffs' unopposed motion for a temporary restraining order stating: "in order to maintain the status quo until the issues presented in this

case can be fully addressed in the Plaintiffs' motion for preliminary injunction." (ECF No. 34 at 15).

On April 28, 2009, this Court granted the motion to dismiss filed by Federal Defendants finding that it had no jurisdiction to proceed against the Federal Defendants. (ECF No. 53). The Court ordered Plaintiffs and Defendant City of San Diego "to file briefs addressing the jurisdiction of this Court to proceed on the merits of the first claim for relief." *Id.* at 14.

On May 14, 2009, Defendant City of San Diego filed a Motion to Confirm Continuance of the Court's Order Prohibiting Harassment of Dispersal of the Seal Colony. (ECF No. 56). Defendant sought confirmation that the temporary restraining order issued by the Court prohibiting harassment or dispersal of the seal colony remained in effect during the pendency of the action. On May 28, 2009, Plaintiffs filed a Non-Opposition to Defendant City of San Diego's Motion to Confirm Continuance of the Court's Order. (ECF No. 63). On June 1, 2009, the Court granted Defendant City of San Diego's Motion to Confirm Continuance of the Court's Order stating: "Consent to extend a temporary restraining order until hearing upon the motion for preliminary injunction is authorized by Rule 65(b)(2) of the Federal Rules of Civil Procedure....[However, t]he issue of jurisdiction must be decided prior to any determination on the merits of Plaintiffs' motion for preliminary injunction." (ECF No. 67 at 3-4).

On June 29, 2009, this Court found that subject matter jurisdiction was lacking over Plaintiffs' writ of mandate claim against Defendant City of San Diego stating:

> In order for a state law claim to provide a basis for federal jurisdiction, the state law claim must 'turn on substantial questions of federal law,' and 'really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal law].' [*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312-13 (2005)]. In *Grable*, the Supreme Court determined it had federal jurisdiction over a state claim where 'the meaning of the federal statute' was an essential element of a state quiet title action, 'and the meaning of the federal statute [wa]s actually in dispute.' *Id.* at 315. In this case, a review of the facts alleged in the Complaint shows that Plaintiffs' state law claim does not require the Court to resolve a substantial issue of federal law, and that there is no disputed issue of federal law between Plaintiffs and Defendant City of San Diego. The allegation in the Complaint that federal officials informed the Defendant City of San Diego that they view 'the rope as a needed step in the right direction' in order to 'inform[] humans when they are more likely to be found in violation of the MMPA and potentially cited' ([ECF No.] 1 at 5) does not support any inference that

'the federal MMPA preempts enforcement of a state law disallowing such a rope.' ([ECF No.] 1 at 6). The Court concludes resolution of the state law claim does not require the determination of a 'real[] and substantial[] dispute or controversy respecting the validity, construction or effect' of the MMPA. *Grable*, 545 U.S. at 312-313.

The Court further concludes that allowing Plaintiffs' state law claim to go forward in federal court would undermine 'Congress's intended division of labor between state and federal courts.' *Grable*, 545 U.S. at 319. 'Although the absence of a private federal right of action is no longer dispositive after *Grable*, it remains relevant to [the] assessment of the "sensitive judgments about congressional intent" that § 1331 requires.' *Shanks v. Dressel*, 540 F.3d 1082, 1093 (9th Cir. 2008) quoting *Grable*, 545 U.S. at 318. In *Shanks*, the Court of Appeals explained that '[t]he absence of a private right of action [] is a "missing welcome mat, required in the circumstances," because acceptance of [plaintiff's] argument would result in federal jurisdiction whenever a plaintiff sues on a state law claim that refers to a concept defined by federal law.' 540 F.3d at 1093-1094 quoting *Grable*, 545 U.S. at 318; *see also, Potter v. Hughes*, 546 F.3d 1051, 1064 (9th Cir. 2008) ('The absence of a federal private right of action undercuts the existence of subject matter jurisdiction under § 1331.').

In this case, Congress provided a specific and limited private right of action under the MMPA which all parties agree has no application to any facts alleged in the Complaint. Section 104(d)(6) of the Marine Mammal Protection Act provides that '[a]ny applicant for a permit, or any party opposed to such permit, may obtain judicial review of the terms and conditions of any permit issued by the Secretary under this section or of his refusal to issue such a permit.' 16 U.S.C. § 1374(d)(6). This case does not involve the grant or denial of an application and the MMPA does not otherwise provide a private right of action. *See Didrickson v. United States Department of Interior*, 982 F.2d 1332, 1338 (9th Cir. 1992); *see also, Cetacean Community v. Bush*, 386 F.3d 1169, 1178 (9th Cir. 2004) ('[T]he MMPA contains no explicit provision granting standing to enforce its duties.'). Agency action under the MMPA is committed to the discretion of the Secretary of Commerce and the Complaint fails to allege any enforceable agency action. *See* ([ECF No.] 53 at 7).

The Complaint alleges that a federal official 'urged the City to at least put up a guideline rope at CPB;' and that the City Council enacted resolutions requiring a rope barrier. The Complaint alleges 'a state court judge declared that a 1931 state law suddenly prevents such a rope. On that basis, the City failed to follow two resolutions passed by its City Council requiring the rope.' ([ECF No.] 1 at 5). City Council resolutions reflect the policies of the City of San Diego. The state court judgment reflects state law concerns. There are no facts alleged in the Complaint which would support the exercise of federal jurisdiction to intervene in the conflict alleged between the parties in this action and the state court over state and local interests. The facts alleged in support of the state law claim do not limit the ability of the federal officials to enforce the MMPA or the ability of the City officials to comply with the provisions of the MMPA.

This Court concludes that the facts alleged in the state law claim

do not support the exercise of federal subject matter jurisdiction. (ECF No. 73 at 7-9).

On July 20, 2009, Plaintiffs filed a Notice of Appeal to the Ninth Circuit from this Court's June 29, 2009 Order dismissing Plaintiffs' claim for a writ of mandate for lack of subject matter jurisdiction. (ECF No. 76).

On November 3, 2010, the Court of Appeals issued a memorandum dismissing Plaintiffs' claim against the City of San Diego as moot. The Court of Appeals stated:

> La Jolla Friends of the Seals ('Friends') appeals the dismissal of its claims against the City of San Diego ('City') ... for lack of subject matter jurisdiction.
>
> After Friends filed this lawsuit, California amended the Children's Pool Beach trust to allow for the protection of marine mammals, and the state court vacated its temporary restraining order enjoining installation of a protective barrier during seal pupping season. These developments have provided "everything [Friends] hoped to achieve by this action," as to the *City. Chem. Producers & Distribs. Ass'n v. Helliker*, 463 F.3d 871, 876 (9th Cir. 2006). Friends' contention that the harm could recur due to the spectre of future litigation is too speculative to support Article III jurisdiction. *See Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1390 (9th Cir. 1985). Therefore, Friends' claim against the City is dismissed as moot.
> ...
> The district court has not yet ruled on Friends' request for attorney's fees, which it raises on appeal for the first time in its reply brief. Therefore we remand the request to the district court, which had jurisdiction because Friends' state law claim raised a substantial issue of federal law, *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*., 545 U.S. 308, 314 (2005), and 'retains equitable jurisdiction' over attorney's fees 'even when the underlying case is moot,' *Zucker v. Occidental Petroleum Corp*., 192 F.3d 1323, 1329 (9th Cir. 1999).

(ECF No. 79-4). On January 7, 2011, the Ninth Circuit issued mandate. (ECF No. 85).

On February 25, 2011, Plaintiffs filed a Motion for Attorney's Fees and Costs seeking $60,856.25 in fees and $805.00 in costs pursuant to California's private attorney general provision in California Code of Civil Procedure section 1021.5. (ECF No. 90). On March 11, 2011, Defendant City of San Diego filed an Opposition. (ECF No. 92). On March 25, 2011, Plaintiffs filed a Reply. (ECF No. 93).

**II.    Discussion**

When the underlying case is moot, "[n]o Article III case or controversy is needed with regard to attorneys' fees ... because they are but an ancillary matter over which the district

court retains equitable jurisdiction ...." *Zucker v. Occidental Petroleum Corp.,* 192 F.3d 1323, 1329 (9th Cir. 1999); *see also Gator.com Corp. v. L.L. Bean, Inc.,* 398 F.3d 1125, 1133 n.1 (9th Cir. 2005) (noting that where the underlying case is moot, "costs and fees clearly come under the district court's ancillary jurisdiction."); *Fed. Sav. and Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004) ("[A]ncillary jurisdiction exists over attorney fee disputes collateral to the underlying litigation."). "Ancillary jurisdiction is the power of a court to adjudicate and determine matters incidental to the exercise of its primary jurisdiction over a cause under review." *United States v. Sumner*, 226 F.3d 1005, 1013 (9th Cir. 2000) (citation omitted); *see also Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380 (1994).

The only relief award to Plaintiff over the course of this proceeding was temporary injunctive relief agreed upon by the parties in order to preserve the status quo until the Court could examine the issues of jurisdiction and the merits of the case. Once the Court had an opportunity to consider its jurisdiction over Plaintiffs' claim against the City of San Diego, the Court concluded that subject matter jurisdiction was lacking. The Court dismissed the complaint finding that Plaintiffs' complaint did not meet the requirements of subject matter jurisdiction. *See* ECF No. 73.

Plaintiffs appealed this Court's dismissal of the claim for a writ of mandate against Defendant City of San Diego for lack of subject matter jurisdiction. The Court of Appeals found that Plaintiffs' claim for a writ of mandate was moot and dismissed the claim stating that the claim was: "Dismissed in part [and] Remanded in part." (ECF No. 79-4). The Court of Appeals did not state that it reversed this Court's finding that subject matter jurisdiction was lacking. Ancillary jurisdiction exists "to adjudicate and determine matters incidental to the exercise of [this Court's] primary jurisdiction ...." *Sumner*, 226 F.3d at 1013. While jurisdiction to resolve attorney's fees "outlasts the case and controversy" requirements, it remains incidental to the Court's primary jurisdiction over the case. *Zucker,* 192 F.3d at 1329 (quotation omitted). This Court has found that subject matter jurisdiction was lacking over Plaintiffs' claim for a writ of mandate at all times in this proceeding; therefore, ancillary jurisdiction over attorney's fees is lacking.

Although the Court of Appeals did not state that it reversed this Court's order finding that subject matter jurisdiction was lacking, the Court of Appeals remanded this case stating: "[W]e remand the request [for attorney's fees] to the district court, which had jurisdiction because Friends' state law claim raised a substantial issue of federal law ...." (ECF No. 79-4). Assuming that the Court of Appeals reversed this Court's dismissal of Plaintiffs' claim for a writ of mandate against Defendant City of San Diego for lack of subject matter jurisdiction, this Court would not grant Plaintiffs' Motion for Attorney's Fees and Costs for the reasons discussed below.

Plaintiffs contend that they are entitled to attorney's fees in the amount of $60,856.25, which includes a 1.3 multiplier of the loadstar figure, as well as $805.00 for costs. Plaintiffs contend that Defendant City of San Diego is an opposing party within the meaning of California's private attorney general provision on the grounds that the suit was intended to change the actions of the City and the City could have sought declaratory relief regarding the state court's adverse order requiring dispersal of the seals, but it failed to do so.

Defendant City of San Diego contends that it is not an opposing party within the meaning of California's private attorney general provision on the grounds that: "[t]hroughout the litigation, the City never opposed any of the relief sought by the Plaintiffs." (ECF No. 92). Defendant also contends that "[t]he private attorney general law was never intended to authorize an award of costs against a government entity whose challenged conduct was required by a court order." *Id.* at 5.

"The fundamental objective of the private attorney general doctrine is to encourage suits enforcing important public policies by providing substantial attorney fees to successful litigants in such cases." *Ebbetts Pass Forest Watch v. California Dept. of Forestry and Fire Protection*, 187 Cal. App.4th 376, 381 (Cal. App. 2010). California Code of Civil Procedure section 1021.5 provides:

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of

1             enforcement by one public entity against another public entity, are such
2             as to make the award appropriate, and (c) such fees should not in the
            interest of justice be paid out of the recovery, if any.

3 Cal. Civ. Pro. Code § 1021.5. "The decision whether the claimant has met his burden of
4 proving each of these prerequisites and is thus entitled to an award of attorney fees under
5 [Code of Civil Procedure] section 1021.5 rests within the sound discretion of the trial court and
6 that discretion shall not be disturbed on appeal absent a clear abuse." *New West Charter*
7 *Middle School*, 187 Cal. App. 4th at 849; *see also Graham v. DaimlerChrysler Corp.*, 34
8 Cal.4th 553, 575 (Cal. 2004) ("[T]he Legislature has assigned responsibility for awarding fees
9 under section 1021.5 not to automatons unable to recognize extortionists, but to judges
10 expected and instructed to exercise discretion.") (quotation omitted).

11       "[A] public entity may be held liable for attorney fees only if the agency or its
12 representatives was an 'opposing party' in the litigation." *Nestande v. Watson*, 111 Cal. App
13 .4th 232, 240 (Cal. App. 2003) (citing *Citizens Against Rent Control v. City of Berkeley,* 181
14 Cal. App. 3d 213, 226 (Cal. App. 1986)); *see also McGuigan v. City of San Diego,* 183 Cal.
15 App. 4th 610, 628-29 (Cal. App. 2010) ("[T]he public treasury is not necessarily liable for
16 private attorney general fees, simply because this was an important case that affected the public
17 interest."). In *Nestande*, the California Court of Appeal held that "the term 'opposing party'
18 as used in section 1021.5 [means] a party whose position in the litigation was adverse to that
19 of the prevailing party." *Nestande*, 111 Cal. App. 4th at 240-41. In *Nestande* the proponents
20 of a ballot initiative who "shouldered the burden of filing the appellate writ, raising and
21 pursuing the standing issue, preserving the ballot title and summary, and ultimately vindicating
22 the voters' right of initiative" sought to recover attorney fees from the County because the
23 County failed to appeal an adverse trial court ruling. *Id.* at 241. The *Nestande* court held: "A
24 litigant who is allied with the prevailing party on the merits does not become an opposing party
25 simply by failing to litigate the matter as aggressively as the prevailing party would have
26 liked." *Id*. at 242. The *Nestande* court stated: "The incentive the Legislature has chosen to
27 encourage public interest litigation is to permit an award of fees against the losing parties, not
28 to authorize a subsidy out of the public treasury." *Id*.; *see also McGuigan,* 183 Cal. App. 4th

at 629.

In this case, Defendant City of San Diego did not take any position that was adverse to Plaintiffs. Defendant City of San Diego did not oppose Plaintiffs' application for a temporary restraining order to prevent the City from dispersing the seals, Defendant City of San Diego filed a Non-Opposition to Plaintiffs' motion for a preliminary injunction to prevent the City from dispersing the seals; Defendant City of San Diego did not oppose Plaintiffs' motion for temporary restraining order and preliminary injunction to require the installation of a pupping season guideline rope; and Defendant City of San Diego filed a motion to confirm continuance of the Court's Order prohibiting dispersal of the seals during the pendency of the action. The Court finds that Defendant City of San Diego was not an opposing party within the meaning of California Code of Civil Procedure section 1021.5. The Court concludes that the facts of this case do not support the award of attorney fees to Plaintiffs. Accordingly, Plaintiffs' Motion for Attorney's Fees and Costs is DENIED.

**III.     Conclusion**

IT IS HEREBY ORDERED that the Motion for Attorney's Fees and Costs filed by Plaintiffs La Jolla Friends of the Seals and James H. N. Hudnall, Jr. (ECF No. 90) is DENIED.

DATED: August 26, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge